IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DEAN NETHERTON ) | |
| ) | |
| v. ) | No. 3:15-0186 |
| ) | Judge Nixon/Bryant |
| SOCIAL SECURITY ADMINISTRATION ) | |

To: The Honorable John T. Nixon, Senior Judge

# REPORT AND RECOMMENDATION

## I.

Currently pending in this Social Security appeal is defendant's motion to dismiss (Docket Entry No. 9), to which plaintiff has responded (Docket Entry No. 12). For the reasons given below, the Magistrate Judge recommends that defendant's motion be DENIED.

## II.

Defendant seeks to have the complaint dismissed for failure to state a claim upon which relief can be granted, on statute of limitations grounds. In order to have filed timely, plaintiff must have filed his complaint "within 60 days after the mailing to him of notice" of the final decision on his claim to benefits. 42 U.S.C. § 405(g). The Commissioner of Social Security has interpreted "mailing" to mean the date a claimant receives the Appeals Council's notice of denial of request for review of the ALJ's decision. See 20 C.F.R. § 404.981. The date of receipt of this final notice is presumed to be five days after the date on

the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. §§ 404.901, 422.210(c). It is undisputed that the notice of the Appeals Council's decision in plaintiff's case was dated December 21, 2014. Therefore, plaintiff is presumed to have received this notice five days later, on December 26, 2014, and the 60-day limitations period would run from that date, resulting in a February 24, 2015 deadline for timely filing of the complaint in this court. Based on the operation of this presumption, defendant argues that plaintiff's filing of his complaint on February 26, 2015 is untimely, warranting its dismissal.

However, in response to defendant's motion, plaintiff has come forward with the envelope which the Appeals Council's decision was mailed in, bearing the internal identifier "SSA0001E" and postmarked as "US Official Mail" on the date "12/29/14" (Docket Entry No. 12-1). When faced with proof of a date of mailing which differs from the date on the face of the notice, the Sixth Circuit "has consistently calculated the filing period from the date on the notice itself." Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007) (citing, e.g., McKentry v. Sec'y of Health & Human Servs., 655 F.2d 721, 724 (6th Cir. 1981)). However, these scenarios have involved, in the case of McKentry, a claimant who demonstrated that she in fact never received the Appeals Council notice, and in Cook, a claimant whose notice was postmarked one day after the date on the notice. The Cook court distinguished the case before it, involving a one-day differential between notice date and postmark, from cases where "the plaintiffs had demonstrated that the notice was not mailed until more than five days after the date printed on its face. Because the notice in those cases was not mailed until seven days after it was issued, the applicants could not have received it within the five-day grace period. [Those] plaintiffs thus made 'reasonable showings' that rebutted the five-day presumption." Id. at 436 (citing, e.g., Matsibekker v. Heckler, 738 F.2d

2

79, 81 (2d Cir. 1984).

The case at bar presents the situation highlighted by the Cook court in distinguishing the facts before it -- plaintiff has produced evidence that the Appeals Council notice was mailed more than five days after the date on the face of the notice, and has thus succeeded in rebutting the presumption of receipt within five days.  Likely owing to the intervening holiday, the Appeals Council notice on plaintiff's claim, dated December 21, 2014, was apparently not mailed until eight days later, on December 29, 2014.  Accordingly, the filing of plaintiff's complaint on February 26, 2015 was timely.

### III.

In light of the foregoing, the Magistrate Judge recommends that defendant's motion to dismiss be DENIED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 15th day of June, 2015.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE